# ORIGINAL

1 | LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
2 | WILLIAM S. LERACH (68581)
   HELEN J. HODGES (131674)
3 | DANIEL S. DROSMAN (200643)
   ELLEN GUSIKOFF STEWART (144892)
4 | 401 B Street, Suite 1700
   San Diego, CA 92101
5 | Telephone: 619/231-1058
   619/231-7423 (fax)
6 |     – and –
   JONATHAN E. BEHAR (174916)
7 | 355 South Grand Avenue
   Suite 4170
8 | Los Angeles, CA 90071
   Telephone: 213/617-9007
9 | 213/617-9185 (fax)

10 | SHALOV STONE & BONNER LLP
    RALPH M. STONE
11 | 485 Seventh Avenue, Suite 1000
   New York, NY 10018
12 | Telephone: 212/239-4340
   212/239-4310 (fax)

13 | Co-Lead Counsel for Plaintiffs

14

15 |            UNITED STATES DISTRICT COURT

16 |            CENTRAL DISTRICT OF CALIFORNIA

17 |               WESTERN DIVISION

18

FILED
CLERK, U.S. DISTRICT COURT

FEB 1 8 2005

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

SCANNED

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 ✓
JS-2/JS-3 _____
Scan Only ✓

| | |
|---|---|
| In re TEAM COMMUNICATIONS GROUP, INC. SECURITIES LITIGATION | Master File No. 01-02312-DDP(SHx) |
| _____ | CLASS ACTION |
| This Document Relates To: | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| 01-02358-DDP(SHx)<br>01-02494-DDP(SHx)<br>01-02564-DDP(SHx)<br>01-02601-DDP(SHx)<br>01-02616-DDP(SHx)<br>01-02737-DDP(SHx)<br>01-03052-DDP(SHx) | DATE: February 14, 2005<br>TIME: 10:00 a.m.<br>COURTROOM: The Honorable<br>         Dean D. Pregerson |

DOCKETED ON CM

FEB 22 2005

BY _____ 009

1    This matter came before the Court for hearing pursuant to an Order of this

2    Court, dated December 6, 2004, on the application of the parties for approval of the

3    settlement set forth in the Amended Stipulation of Settlement dated as of August 25,

4    2004 (the "Amended Stipulation"). Due and adequate notice of the settlement having

5    been given to the Class as required in said Order, and the Court having considered all

6    papers filed and proceedings had herein and otherwise being fully informed in the

7    premises and good cause appearing therefore, IT IS HEREBY ORDERED,

8    ADJUDGED AND DECREED that:

9        1.    This Judgment incorporates by reference the definitions in the Amended

10    Stipulation, and all terms used herein shall have the same meanings as set forth in the

11    Amended Stipulation:

12        (a)    "Adversary Action Settlement Amount" means the sum of Four

13    Million Dollars ($4,000,000.00).

14        (b)    "Authorized Claimant" means any Settlement Class Member

15    whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

16        (c)    "Bankruptcy Court Order" means an Order from the United States

17    Bankruptcy Court for the Central District of California lifting the automatic stay in the

18    Bankruptcy Proceeding, approving the use of insurance proceeds to fund the

19    settlement of the Litigation and approving the settlement of the Adversary Action.

20        (d)    "Claimant" means any Settlement Class Member who has already

21    submitted a Proof of Claim in connection with the settlement documented in the

22    Stipulation.

23        (e)    "Claims Administrator" means the firm of Gilardi & Co. LLC.

24        (f)    "Class" means all Persons who purchased or otherwise acquired

25    Team Communications securities except bonds, warrants and options, during the

26    period November 19, 1999 through March 16, 2001, inclusive. Excluded from the

27    Class are the Defendants, the Trustee, members of the Defendants' immediate

28    families, any entity in which any Defendant or the Trustee has or had a controlling

- 1 -

1   interest, directors and officers of Team Communications, the Released Persons and

2   the legal representatives, heirs, successors, or assigns of any such excluded Person or

3   entity.

4          (g)    "Class Member" or "Member of the Class" mean a Person who

5   falls within the definition of the Class as set forth above.

6          (h)    "Class Period" means the period from November 19, 1999 through

7   March 16, 2001, inclusive.

8          (i)    "Defendants" means the Class Defendants and the Adversary

9   Action Defendants.

10         (j)    "Effective Date" means the first date by which all of the events and

11  conditions specified in ¶7.1 of the Amended Stipulation have been met and have

12  occurred.

13         (k)    "Escrow Agent" means the law firm of Lerach Coughlin Stoia

14  Geller Rudman & Robbins LLP or its successor(s).

15         (l)    "Final" means when the last of the following with respect to this

16  Judgment approving the Amended Stipulation, shall occur: (i) the expiration of three

17  (3) business days after the time to file a motion to alter or amend the Judgment under

18  Federal Rule of Civil Procedure 59(e) has passed without any such motion having

19  been filed; (ii) the expiration of three (3) business days after the time in which to

20  appeal the Judgment has passed without any appeal having been taken (which date

21  shall be deemed to be thirty-three (33) days following the entry of the Judgment,

22  unless the date to take such an appeal shall have been extended by Court order or

23  otherwise, or unless the thirty-third (33rd) day falls on a weekend or a Court holiday,

24  in which case the date for purposes of this Amended Stipulation shall be deemed to be

25  the next business day after such thirty-third (33rd) day); and (iii) if such motion to

26  alter or amend is filed or if an appeal is taken, three (3) business days after the

27  determination of that motion or appeal in such a manner as to permit the

28  consummation of the settlement in accordance with the terms and conditions of this

- 2 -

1    Amended Stipulation. With respect to the Bankruptcy Court Order, "final" means

2    when the last of the following shall occur: the expiration of three (3) business days

3    after the time to file a motion to alter or amend the Bankruptcy Court Order under

4    Federal Rule of Bankruptcy Procedure 9023 has passed without any such motion

5    having been filed; (ii) the expiration of three (3) business days after the time in which

6    to appeal the Bankruptcy Court Order has passed without any appeal having been

7    taken (which date shall be deemed to be thirteen (13) days following the entry of this

8    Judgment, unless the date to take such an appeal shall have been extended by Court

9    order or otherwise, or unless the thirteenth (13th) day falls on a weekend or a Court

10   holiday, in which case the date for purposes of the Amended Stipulation shall be

11   deemed to be the next business day after such thirteenth (13th) day); and (iii) if such

12   motion to alter or amend is filed or if an appeal is taken, three (3) business days after

13   the determination of that motion or appeal in such a manner as to permit the

14   consummation of the settlement in accordance with the terms and conditions of the

15   Amended Stipulation. For purposes of this definition, an "appeal" shall include any

16   petition for a writ of certiorari or other writ that may be filed in connection with

17   approval or disapproval of this settlement, but shall not include any appeal that

18   concerns only the issue of attorneys' fees and reimbursement of costs and

19   disbursements awarded to Representative Plaintiffs' Counsel or any Plan of Allocation

20   of the Settlement Fund, as hereinafter defined.

21          (m)   "Individual Defendants" means Drew S. Levin and Timothy A.

22   Hill.

23          (n)   "Person" means an individual, corporation, partnership, limited

24   partnership, association, joint stock company, estate, legal representative, trust,

25   unincorporated association, government or any political subdivision or agency thereof,

26   and any business or legal entity and their spouses, heirs, predecessors, successors,

27   representatives, or assignees.

28

1    (o)    "Plaintiffs' Settlement Counsel" means Lerach Coughlin Stoia

2 Geller Rudman & Robbins LLP, Keith F. Park, Ellen Gusikoff Stewart, 401 B Street,

3 Suite 1600, San Diego, CA, 92101, Telephone (619) 231-1058, and Shalov Stone &

4 Bonner LLP, Ralph M. Stone, 485 Seventh Avenue, Suite 1000, New York, NY

5 10018, Telephone: (212) 239-4340.

6    (p)    "Plan of Allocation" means a plan or formula of allocation of the

7 Settlement Fund whereby the Settlement Fund shall be distributed to Authorized

8 Claimants after payment of expenses of notice and administration of the settlement,

9 Taxes and Tax Expenses and such attorneys' fees, costs, expenses and interest as may

10 be awarded by the Court. Any plan of allocation is not part of the Amended

11 Stipulation and neither the Class Defendants and their Related Parties nor the Trustee

12 shall have any responsibility or liability with respect thereto.

13    (q)    "Related Parties" means each of the Class Defendants' past or

14 present directors, officers, employees, partners, members, principals, agents,

15 underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, law

16 firms, accountants or auditors, banks or investment banks, associates, personal or legal

17 representatives, predecessors, successors, parents, subsidiaries, divisions, joint

18 ventures, assigns, spouses, heirs, related or affiliated entities, Stonefield Josephson,

19 any entity in which any Individual Defendant has a controlling interest, any members

20 of their immediate families, or any trust of which any Individual Defendant is the

21 settlor or which is for the benefit of any Individual Defendant and/or member(s) of his

22 family.

23    (r)    "Released Claims" shall collectively mean all claims (including

24 "Unknown Claims" as defined below), demands, rights, liabilities, debts, duties,

25 obligations, acts, omissions, promises, accounts, damages, costs, losses, sums of

26 money, expenses, actions, suits, and causes of action of every nature and description

27 whatsoever, known or unknown, whether or not concealed or hidden, asserted or that

28 might have been asserted, including, without limitation, on a statutory, contract, tort,

1 | or any other theory in law or equity or otherwise, claims for negligence, gross

2 | negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of

3 | fiduciary duty, or violations of any state or federal statutes, rules or regulations, or any

4 | statutes, rules or regulations of the Federal Republic of Germany or any political

5 | subdivision thereof or of any other jurisdiction, domestic or foreign, for

6 | compensatory, consequential, exemplary or punitive damages or any other damages or

7 | relief whatsoever, whether of a financial nature, or for specific performance,

8 | restitution or disgorgement, for injunctive or any other forms of relief (1) by any

9 | Representative Plaintiff or Settlement Class Member against one or more of the

10 | Defendants and the Related Parties arising out of, based upon or related to both the

11 | purchase of Team Communications securities by any Settlement Class Member during

12 | the Class Period and the facts, transactions, events, occurrences, acts, disclosures,

13 | statements, omissions or failures to act which were or could have been alleged in the

14 | Litigation or by (2) the Trustee based upon, arising out of, or related to any of the

15 | matters which were or could have been alleged in the Adversary Action, or both.

16 | Released Claims includes any and all claims arising out of, relating to, or in

17 | connection with the settlement or resolution of the Litigation; provided, however, that

18 | this release shall not in any way impair or restrict the rights of the Settling Parties to

19 | enforce the terms of the Settlement as set forth in the Amended Stipulation.

20 |         (s)    "Released Persons" means each and all of the Defendants and the

21 | Related Parties.

22 |         (t)    "Representative Plaintiffs" means each of the plaintiffs who filed a

23 | complaint in the Litigation.

24 |         (u)    "Representative Plaintiffs' Counsel" means counsel who have

25 | appeared for any of the Representative Plaintiffs in the Litigation.

26 |         (v)    "Settlement Amount" means the principal amount of Twelve

27 | Million Seven Hundred Thousands Dollars ($12,700,000.00).

28 |

1    (w)   "Settlement Class" or "Settlement Class Member" consists of or

2  means any Class Member who has not requested exclusion from the Class as defined

3  above.

4    (x)   "Settling Parties" means, collectively, each of the Defendants, the

5  Trustee, and the Representative Plaintiffs on behalf of themselves and the members of

6  the Settlement Class.

7    (y)   "Trustee" means Richard K. Diamond, in his capacity as the

8  Chapter 7 Trustee for the bankruptcy estate of Team Communications Group, Inc.

9    (z)   "Unknown Claims" means any Released Claims which any

10  Representative Plaintiff, Settlement Class Member or the Trustee on behalf of the

11  Team Communications bankruptcy estate does not know or suspect to exist in his, her

12  or its favor at the time of the release of the Released Persons which, if known by him,

13  her or it, might have affected his, her or its settlement with and release of the Released

14  Persons, or might have affected his, her or its decision not to object to this settlement.

15  With respect to any and all Released Claims, the Settling Parties stipulate and agree

16  that, upon the Effective Date, the Representative Plaintiffs and the Trustee on behalf

17  of the Team Communications bankruptcy estate shall expressly, and each of the

18  Settlement Class Members shall be deemed to have, and by operation of this Judgment

19  shall have, expressly waived the provisions, rights and benefits of California Civil

20  Code §1542, which provides:

21      A general release does not extend to claims which the creditor

22      does not know or suspect to exist in his favor at the time of executing the

23      release, which if known by him must have materially affected his

24      settlement with the debtor.

25  The Representative Plaintiffs and the Trustee on behalf of the Team Communications

26  bankruptcy estate, shall expressly, and each of the Settlement Class Members shall be

27  deemed to have, and by operation of the Judgment shall have, expressly waived any

28  and all provisions, rights and benefits conferred by any law of any state or territory of

- 6 -

1  the United States or any law of the Federal Republic of Germany or any political

2  subdivision thereof or of any other jurisdiction, domestic or foreign, or principle of

3  common law, which is similar, comparable or equivalent to California Civil Code

4  §1542.    The Representative Plaintiffs, the Trustee on behalf of the Team

5  Communications bankruptcy estate and Settlement Class Members may hereafter

6  discover facts in addition to or different from those which he, she or it now knows or

7  believes to be true with respect to the subject matter of the Released Claims, but each

8  Representative Plaintiff and the Trustee, on behalf of the Team Communications

9  bankruptcy estate, shall expressly and each Settlement Class Member, upon the

10  Effective Date, shall be deemed to have, and by operation of the Judgment shall have,

11  fully, finally, and forever settled and released any and all Released Claims, known or

12  unknown, suspected or unsuspected, contingent or non-contingent, whether or not

13  concealed or hidden, which now exist, or heretofore have existed, upon any theory of

14  law or equity now existing or coming into existence in the future, including, but not

15  limited to, conduct which is negligent, intentional, with or without malice, or a breach

16  of any duty, law or rule, without regard to the subsequent discovery or existence of

17  such different or additional facts.  The Representative Plaintiffs and the Trustee

18  acknowledge, and the Settlement Class Members shall be deemed by operation of the

19  Judgment to have acknowledged, that the foregoing waiver was separately bargained

20  for and a key element of the settlement of which this release is a part.

21       2.     This Court has jurisdiction over the subject matter of the Litigation, the

22  Adversary Action and over all parties to the Litigation and the Adversary Action,

23  including all Members of the Class.

24       3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court

25  has certified a Settlement Class of all Persons who purchased or otherwise acquired

26  Team Communications Group, Inc. securities, except bonds, warrants or options,

27  during the period November 19, 1999 through March 16, 2001, inclusive.  Excluded

28  from the Class are the Defendants, the Trustee, members of the Defendants' immediate

1  families, any entity in which any Individual Defendant or the Trustee has or had a
2  controlling interest, directors and officers of Team Communications, the Released
3  Persons, and the legal representatives, heirs, successors, or assigns of any such
4  excluded Person or entity.

5     4. With respect to the Settlement Class, this Court finds and concludes that:
6  (a) the Members of the Class are so numerous that joinder of all Class Members in the
7  class action is impracticable; (b) there are questions of law and fact common to the
8  Class which predominate over any individual question; (c) the claims of the
9  Representative Plaintiffs are typical of the claims of the Class; (d) the Representative
10  Plaintiffs and their counsel have fairly and adequately represented and protected the
11  interests of the Class Members; and (e) a class action is superior to other available
12  methods for the fair and efficient adjudication of the controversy, considering: (i) the
13  interests of the Members of the Class in individually controlling the prosecution of the
14  separate actions, (ii) the extent and nature of any litigation concerning the controversy
15  already commenced by Members of the Class, (iii) the desirability or undesirability of
16  continuing the litigation of these claims in this particular forum, and (iv) the
17  difficulties likely to be encountered in the management of the class action.

18     5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby
19  approves the settlement set forth in the Amended Stipulation and finds that said
20  settlement is, in all respects, fair, reasonable and adequate to the Settlement Class.

21     6. Except as to any individual claim of those Persons (identified in Exhibit 1
22  hereto) who have validly and timely requested exclusion from the Settlement Class,
23  the class action and all claims contained therein, as well as all of the Released Claims
24  are dismissed with prejudice as to the Representative Plaintiffs and the other members
25  of the Settlement Class, and as against all Defendants and the Released Persons. The
26  parties are to bear their own costs, except as otherwise provided in the Amended
27  Stipulation.

28

1    7.   The Court finds that the Amended Stipulation and settlement contained

2 therein is fair, reasonable, adequate and in good faith as to each of the Settling Parties,

3 and that the Amended Stipulation and settlement contained therein is hereby finally

4 approved in all respects, and the Settling Parties are hereby directed to perform its

5 terms.

6    8.   Upon the Effective Date hereof, the Representative Plaintiffs, the

7 Trustee, as of receipt of the Adversary Action Settlement Amount, on behalf of the

8 Team Communications bankruptcy estate and each of the Settlement Class Members

9 shall be deemed to have, and by operation of this Judgment shall have, fully, finally,

10 and forever released, relinquished and discharged all Released Claims against the

11 Released Persons.

12    9.   All Settlement Class Members are hereby forever barred and enjoined

13 from prosecuting the Released Claims against the Released Persons.

14    10.   All claims against any Released Person sounding in contribution, or

15 equitable indemnification arising out of or concerning the Litigation or the claims

16 asserted or that could have been asserted in the Litigation, by any Person (other than a

17 Defendant or his or its assign or subrogee) against any Released Person, are hereby

18 forever barred, enjoined or discharged.  Nothing herein or in the Amended Stipulation

19 shall be deemed to have effected a release by any Defendant or his or its assign or

20 subrogee of any claim or right he or it may have against any other Released Person.

21    11.   Upon the Effective Date hereto, each of the Released Persons shall be

22 deemed to have, and by operation of this Judgment shall have, fully, finally, and

23 forever released, relinquished and discharged each and all of the Settlement Class

24 Members and counsel to the Representative Plaintiffs and the Trustee and his counsel

25 and the Team Communications bankruptcy estate and all the Insurers and their

26 respective counsel from all claims (including Unknown Claims), arising out of,

27 relating to, or in connection with the institution, prosecution, defense, assertion,

28 settlement or resolution of the Litigation, the Adversary Action or the Released

- 9 -

1  Claims, or the handling of any claim for coverage under any policy of insurance
2  issued by any of the Insurers.

3      12.    The notice of the settlement given to the Class was the best notice
4  practicable under the circumstances, including the individual notice to all Members of
5  the Class who could be identified through reasonable effort.  Said notice provided the
6  best notice practicable under the circumstances of those proceedings and of the
7  matters set forth therein, including the proposed settlement set forth in the Amended
8  Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the
9  requirements of Federal Rule of Civil Procedure 23 and the requirements of due
10  process.

11      13.    Any Plan of Allocation submitted by Plaintiffs' Settlement Counsel or
12  any order entered regarding the attorneys' fees application shall in no way disturb or
13  affect this Final Judgment and shall be considered separate from this Final Judgment.

14      14.    Neither the Amended Stipulation nor the settlement contained therein,
15  nor any act performed or document executed pursuant to or in furtherance of the
16  Amended Stipulation or the settlement: (i) is or may be deemed to be or may be used
17  as an admission of, or evidence of, the validity of any Released Claim, or of any
18  wrongdoing or liability of the Defendants, or (ii) is or may be deemed to be or may be
19  used as an admission of, or evidence of, any fault or omission of any of the
20  Defendants or the Related Parties in any civil, criminal or administrative proceeding
21  in any court, administrative agency or other tribunal.  Defendants or the Related
22  Parties may file the Amended Stipulation and/or the Judgment from this action in any
23  other action that may be brought against them in order to support a defense or
24  counterclaim based on principles of res judicata, collateral estoppel, release, good
25  faith settlement, judgment bar or reduction or any theory of claim preclusion or issue
26  preclusion or similar defense or counterclaim.

27      15.    Without affecting the finality of this Judgment in any way, this Court
28  hereby retains continuing jurisdiction over: (a) implementation of this settlement and

1 | any award or distribution of the Settlement Fund, including interest earned thereon;

2 | (b) disposition of the Settlement Fund; (c) hearing and determining applications for

3 | attorneys' fees, costs, interest and expenses in the Litigation; and (d) all parties hereto

4 | for the purpose of construing, enforcing and administering the Amended Stipulation.

5 |      16.    The Court finds that during the course of the Litigation, the Settling

6 | Parties and their respective counsel at all times complied with the requirements of

7 | Federal Rule of Civil Procedure 11.

8 |      17.    In the event that the settlement does not become effective in accordance

9 | with the terms of the Amended Stipulation or in the event that the Settlement Fund is

10 | returned to the Individual Defendants, then this Judgment shall be rendered null and

11 | void to the extent provided by and in accordance with the Amended Stipulation and

12 | shall be vacated and, in such event, all orders entered and releases delivered in

13 | connection herewith shall be null  and void to the extent provided by and in

14 | accordance with the Amended Stipulation.

15 |      IT IS SO ORDERED.

16 | DATED: _2 - 18 - 05_

17 |                THE HONORABLE DEAN D. PREGERSON

                      UNITED STATES DISTRICT JUDGE

18 | S.\Settlement\TeamComm set\JGT00017869.doc

- 11 -

SCANNED

Team Communications Securities Litigation
Claims Administrator
C/o Gilardi & Co. LLC
P O. Box 8040
San Rafael, CA 94912-8040
USA

Dear Ladies and Gentlemen,

I am a shareholder of the Teams Communications Group. I wish to be excluded from the Class.

Following is my personal data, along with the information, pertaining to the dates of the Team Communications Group shares purchase.

Personal Data:

| | |
|---|---|
| Name: | Joachim Kulinsky |
| Street: | Schwabenstrasse 9 |
| City | Uhingen |
| Zip: | 73066 |
| Land: | Germany |
| E-mail Address: | joachim@kulinksy.de |
| Phone: | (work) 07162 17246 |
| | (home) 07161 15349 |

Purchase Dates:

All purchases were made through the Hypovereinsbank in Stuttgart. The trades were always executed in Frankfurt.

| Purchase Date | Order Confirmation Number | Number of Shares | Price per Share | Total Cost |
|---|---|---|---|---|
| 03/10/00 | 1726412 | 250 | 13.90 Euro | 3,475   Euro |
| 04/27/00 | 2417775 | 120 | 15.00 Euro | 1,800   Euro |
| 05/12/00 | 2567951 | 310 | 12.85 Euro | 3,983.5 Euro |
| 06/14/00 | 2864506 | 320 | 10.00 Euro | 3,200   Euro |
| 11/07/00 | 7983750 | 1000 | 5.80  Euro | 5,800   Euro |

Sincerely,

Joachim Kulinsky

# Exhibit 1

*Exclusion.*

RECEIVED RJD

JUL 0 3 2002

CLAIMS CENTER

SCANNED

*Team Communications Securities Litigation*
**Claims Administrator**
**c/o Gilardi & Co. LLC**
**P.O. Box 8040**
**San Rafael, CA 94912-8040**
**USA**

Sehr geehrte Damen und Herren,

ich befinde mich im Besitz von Aktien der TEAM COMMUNICATIONS GROUP. **Ich wünsche und beantrage hiermit den AUSSCHLUSS aus der VERLEICHSGRUPPE.**

Nachfolgend meine persönlichen und die Daten über die Käufe der Wertpapiere der TEAM COMMUNICATIONS GROUP.

**Persönliche Daten:**

Name:           Joachim Kulinsky
Strasse:        Schwabenstrasse 9
Stadt:          Uhingen
Postleitzahl:   73066
Land:           Deutschland
e-mail Adresse: joachim@kulinsky.de
Telefonnummer:  07162 17246 (Arbeitsstelle)
                07161 15349 (Privat)

**Kaufdaten:**

Sämtliche Käufe wurden über die Hypovereinsbank in Stuttgart durchgeführt. Der Ausführungsort war stets FRANKFURT.

| Kaufdatum | Ordernummer | Anzahl der Wertpapiere | Einzelpreis pro Aktie | Gesamtpreis |
|---|---|---|---|---|
| 10.03.2000 | 1726412 | 250 | 13,90 Euro | 3475,00 Euro |
| 27.04.2000 | 2417775 | 120 | 15,00 Euro | 1800,00 Euro |
| 12.05.2000 | 2567951 | 310 | 12,85 Euro | 3983,50 Euro |
| 14.06.2000 | 2864506 | 320 | 10,00 Euro | 3200,00 Euro |
| 07.11.2000 | 7983750 | 1000 | 5,80 Euro | 5800,00 Euro |

Mit freundlichen Grüssen

-13-







Joachim Julinsky
Schulakenstr. 9
73066 Uhingen
– Germany –

LUFTPOST

1    DECLARATION OF SERVICE BY UPS DELIVERY

2    I, the undersigned, declare:

3    1.    That declarant is and was, at all times herein mentioned, a citizen of the

4    United States and a resident of the County of San Diego, over the age of 18 years, and

5    not a party to or interest in the within action; that declarant's business address is 401 B

6    Street, Suite 1600, San Diego, California 92101.

7    2.    That on February 4, 2005, declarant served by UPS, next day delivery,

8    the **[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH**

9    **PREJUDICE** to the parties listed on the attached Service List.

10    I declare under penalty of perjury that the foregoing is true and correct.

11    Executed this 4th day of February, 2005, at San Diego, California.

12

13    YVETTE D. GRAY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 15 -

TEAM COMMUNICATIONS (Settlement)

Service List - 2/3/2005    (201-066S)

Page 1 of 2

**Counsel For Defendant(s)**

Terry W. Bird
Bird, Marella, Boxer & Wolpert, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, CA  90067-2561
   310/201-2100
   310/201-2110 (Fax)

Peter F. Lovato
Boundas, Skarzynski, Walsh & Black
200 East Randolph Drive, Suite 7200
Chicago, IL  60601
   312/946-4200

Terry N. Christensen
Peter C. Sheridan
Mark I. Labaton
Christensen, Miller, Fink, Jacobs, Glaser, Weil &
Shapiro, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA  90067
   310/553-3000
   310/556-2920 (Fax)

Howard Kollitz
Uzzi O. Raanan
Danning, Gill, Diamond & Kollitz, LLP
2029 Century Park East, 3rd Floor
Los Angeles, CA  90067-2904
   310/277-0077
   310/277-5735 (Fax)

Michael J. Leahy
Haight Brown & Bonesteel LLP
6080 Center Drive, Suite 800
Los Angeles, CA  90045-1574
   310/215-7100
   310/215-7300 (Fax)

Wayne E. Borgeest
Kaufman, Borgeest & Ryan
200 Summit Lake Drive
Valhalla, NY  10595
   914/741-6100
   914/741-0025 (Fax)

Steven O. Kramer
Mayer, Brown, Rowe & Maw LLP
350 South Grand Avenue, Suite 2500
Los Angeles, CA  90071-1503
   213/229-9500
   213/625-0248 (Fax)

Michael S. Loeffler
Meckler Bulger & Tilson
123 N. Wacker Drive, Suite 1800
Chicago, IL  60606
   312/474-7900
   312/474-7898 (Fax)

TEAM COMMUNICATIONS (Settlement)

Service List - 2/3/2005   (201-066S)

Page 2 of  2

**Counsel For Plaintiff(s)**

William S. Lerach
Helen J. Hodges
Keith F. Park
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
401 B Street, Suite 1600
San Diego, CA  92101-4297
  619/231-1058
  619/231-7423 (Fax)


Klaus  Rotter    *
Bernd  Jochem
Rotter Rechtsanwalte
Bavariafilmplatz 3, 82031 Grunwald
Germany,

Robert C. Susser   *
Robert C. Susser, P.C.
6 East 43rd Street, Suite 1900
New York, NY  10017-4609
  212/808-0298
  212/949-0966 (Fax)


Ralph M. Stone
Shalov Stone & Bonner LLP
485 Seventh Avenue, Suite 1000
New York, NY  10018
  212/239-4340
  212/239-4310 (Fax)


*   Denotes Service Via Regular Mail